FILED
2021 Apr-05 PM 01:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ANTWONE LONEZO WILSON** (AIS# 270372), | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 2:19-cv-1746-AMM-GMB ) ) |
| **WEXFORD HEALTH, et al.,** | ) ) |
| Defendants. | ) ) |

## ANSWER

COME NOW Defendants, Meaghan Bourque and Jefferson Spencer, and for Answer to Plaintiff's Complaint set forth and assign the following Answer and defenses, separately and severally:

### FACTUAL ALLEGATIONS

1. These defendants admit that the plaintiff received medical and/or mental and/or medical health treatment at the Donaldson Correctional Facility located in Bessemer, Alabama.

2. The defendants deny that the plaintiff was ever denied or delayed necessary medical and/or mental health treatment while at the Donaldson Correctional Facility.

3. These defendants deny plaintiff's allegations that the plaintiff did not receive necessary medical and/or mental health treatment.

4. The defendants deny that the plaintiff was denied necessary medical or mental health treatment or that any medical or mental health treatment was ever delayed in any manner.

5. The defendants deny that plaintiff was treated with deliberate indifference.

6. The defendants are aware that the plaintiff has made complaints and allegations regarding the medical and/or mental health treatment that he received while incarcerated at the Donaldson Correctional Facility and deny those allegations.

## **AFFIRMATIVE AND OTHER DEFENSES**

1.

The Plaintiff's Complaint fails to state a claim against these defendants for which relief can be granted.

2.

Plaintiff's claims are barred by the doctrine of contributory negligence and/or last clear chance.

3.

Plaintiff's claims are barred by the doctrine of assumption of the risk.

4.

Plaintiff's claims are barred by the doctrine of latches.

5.

Plaintiff's claims are barred by the statute of limitations.

6.

Plaintiff's claims are barred by the doctrine of waiver.

7.

The Court lacks subject matter jurisdiction over this dispute.

8.

This Court is the improper venue in which to assert this action.

9.

Plaintiff lacks standing to bring this action.

10.

Plaintiff's claims are barred by the doctrine of unclean hands.

11.

Plaintiff's claims are barred by the doctrine of qualified immunity.

12.

Plaintiff's claims are barred by the doctrine of sovereign immunity.

13.

Plaintiff's claims are barred by the doctrine of estoppel.

14.

Plaintiff's claims are barred by the doctrine of *res judicata* and/or collateral

estoppel.

15.

Plaintiff's claims are barred, in whole or in part, because of his failure to mitigate damages.

16.

These Defendants aver that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of persons and/or entities for whom or the Defendants are not responsible.

17.

Plaintiff's claims are barred because these Defendants did not breach any duty allegedly owed to Plaintiff.

18.

Plaintiff's claims are barred because there is no causal relationship, legal or proximate, between any actions or failures to act by these Defendants and the Plaintiff's alleged injuries and damages.

19.

Plaintiff's claims are barred because of the existence of superseding, intervening causes.

20.

Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against these Defendants.

21.

Plaintiff's claims are barred because the actions asserted are "frivolous, malicious, and fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(a)(2005).

22.

Plaintiff's claims are barred because the injunctive relief sought is not sufficiently narrowly drawn. 18 U.S.C. § 3626(a)(1)(A)(2005).

23.

Plaintiff's claims are barred because the Plaintiff is seeking to question a medical judgment via 42 U.S.C. § 1983.

24.

Plaintiff's claims are barred because these Defendants did not act with deliberate indifference. *Estelle v. Gamble,* 429 U.S. 97 (1976).

25.

To the extent Plaintiff seeks to recover any attorney fees, these Defendants object to any and all such requests for fees that are not asserted in the Complaints or otherwise approved by Court Order.

26.

Plaintiff's claims for punitive damages violate these Defendants' United States and Alabama Constitutional protections from, including without limitation, excessive fines, cruel and unusual punishment, denial of due process and denial of equal protection of the law.

27.

These Defendants adopt and assert all defenses set forth in the Alabama Medical Liability Act, § 6-5-481 *et seq.*, and § 6-5-542 *et seq.*

28.

The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmate must follow in filing *informa pauperis* actions in federal court.

29.

Pursuant to 28 U.S.C. § 1915A, this Court is required to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from Defendants that are entitled to immunity as provided for in 42 U.S.C. § 1997(e)(c).

30.

These Defendants assert that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation, and request this Court, pursuant to 42 U.S.C. § 1988, to award these Defendants reasonable attorney fees and costs incurred in the defense of this case.

31.

The Plaintiff's claims are moot because the events which underlie the controversy have been resolved. *See Marie v. Nickels*, 70 F.Supp 2d 1252 (D.Kan. 1999).

32.

As affirmative defenses to this claim, these Defendants assert the provisions, separately and severally, of The Alabama Medical Liability Act, The Alabama Medical Liability Act of 1987, The Alabama Medical Liability Act of 1996, and all amendments to those Acts, and specifically plead in defense to this action the applicability of sections 6-5-481, 6-5-482, 6-5-484, 6-5-486, 6-5-487, 6-5-488, 6-5-542, 6-5-543, 6-5-544, 6-5-545, 6-5-546, 6-5-547, 6-5-548, 6-5-549, 6-5-549.1, 6-5-550, 6-5-551 and 6-5-552.

33.

These Defendants incorporate by reference any affirmative defense, pled now or later, by any other Defendants which would be applicable to the claims against these Defendants.

34.

These Defendants reserve the right to raise different, additional defenses as discovery proceeds.

/s/ *Philip G. Piggott*
PHILIP G. PIGGOTT (ASB-4379-P67P)
E-mail: ppiggott@websterhenry.com
WEBSTER, HENRY, BRADWELL, COHAN, SPEAGLE AND DESHAZO, P.C.
Two Perimeter Park South, Suite 445 East
Birmingham, AL   35243
Telephone: 205-986-4400
Facsimile: 205-380-3485
Attorney for Defendants Meaghan Bourque and Jefferson Spencer

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to all parties of record and I hereby certify that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:

Antwone Wilson (AIS# 270372)
Donaldson Correctional Facility
100 Warrior Lane
Bessemer, AL 35023

/s/ *Philip G. Piggott*
OF COUNSEL